RECEIVED

APR 1 2 2012

TONY R. MOORE, CLERK
~N DISTRICT OF LOUISIANA
~DRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

REGINALD SOLOMON,
   Petitioner

VERSUS

ERIC HOLDER, et al.,
   Defendants

CIVIL ACTION
SECTION "P"
1:11-cv-2089

JUDGE DEE D. DRELL
MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Reginald Solomon ("Solomon") on November 30, 2011 (Docs. 1, 6). Solomon, a native and citizen of the Bahamas, contests his continued detention since May 6, 2011, by the Bureau of Customs and Immigration Enforcement ("BICE") pending his removal from the United States. At the time of filing his petition, Solomon was being detained in the LaSalle Detention Center in Trout, Louisiana. The sole relief requested by Solomon is release from custody pending his removal, pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001).

On February 16, 2012, the Respondents filed a motion to dismiss Solomon's petition (Doc. Item 13), showing through an affidavit by Brian Gueringer, the Assistant Filed Office Director of the U.S. Immigration and Customs Enforcement facility at Oakdale, Louisiana, and supporting documentation, that Solomon was removed from the United States on February 14, 2012.

Since Solomon has been released from custody and thus has achieved the sole relief requested in his habeas petition, Solomon's habeas petition has been rendered moot.[1]

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the Respondents' motion to dismiss (Doc. 13) be GRANTED and that Solomon's habeas petition be DISMISSED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

---

[1] It is further noted that an order from this court mailed to Solomon on February 24, 2012 (Doc. Item 15), was returned to the Clerk of Court on March 6, 2012, stamped "Not Deliverable as Addressed. Unable to Forward." Obviously, after Solomon was removed on February 14, 2012, he failed to apprise this court of his change of address. Local rule LR41.3W provides that the failure of a pro se litigant to keep the Court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the Court for the reason of an incorrect address and correction is not made to the address for a period of 30 days. Solomon's failure to inform the court of his address change within 30 days provides another ground for dismissal of his habeas petition.

FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 10th day of April 2012.

JAMES K. KIRK
UNITED STATES MAGISTRATE JUDGE